IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:23-272-BHH |
| v. ) | |
| ) | **ORDER** |
| Internal Revenue Service and ) | |
| United States of America, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    This matter is before the Court upon Plaintiff Andrew Marshall McElrath's ("Plaintiff") pro se complaint against the Internal Revenue Service ("IRS") and the United States of America (collectively referred to as "Defendants"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

    On February 9, 2023, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice and without issuance and service of process, explaining that Plaintiff failed to allege that he exhausted his administrative remedies prior to filing this action, by filing an administrative claim as required 26 U.S.C. § 7422(a).

    Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. On February 21, 2023, Plaintiff filed a notice indicating that he "has absolutely no objection to the Honorable Judge[']s R and R report due to Plaintiff failing to exhaust as required by section 7422(a) of the Internal Revenue Code." (ECF No. 23 at 1.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because Plaintiff has no objections, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge that the instant action is subject to dismissal because Plaintiff has yet to exhaust his available administrative remedies, as required by 26 U.S.C. § 7422(a). Accordingly, the Court **adopts** the Magistrate Judge's Report (ECF No. 18) and **dismisses this action without prejudice and without issuance and service of process**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
February 23, 2023                                                  United States District Judge
Charleston, South Carolina

2